### In re McKNIGHT'S WILL.

(Supreme Court, Appellate Division, Second Department. February 11, 1903.)

1. EXECUTOR—REMOVAL—TEMPORARY RESIDENCE OUTSIDE STATE.

A temporary residence outside the state, maintained for the benefit of the health of the executor's family, is not such a removal from the state as to necessitate his removal as executor by the surrogate, under Code Civ. Proc. § 2685, subd. 6, authorizing a creditor or person interested to institute proceedings for the revocation of letters testamentary in the case of an executor where he has removed from the state, etc.

Appeal from order of surrogate, Westchester county.

Proceedings by Frank V. Millard, receiver in supplementary proceedings of legatees under the will of John J. McKnight, deceased, for the revocation of letters testamentary issued to the executors and

trustees under the will of the decedent. From an order denying his application, the applicant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Henry C. Griffin, for appellant.
William H. H. Ely, for respondents.

WILLARD BARTLETT, J. In this proceeding the appellant sought a revocation of the letters testamentary granted to the respondents as executors under the will of John J. McKnight, upon three grounds: (1) That said executors had wasted the personal estate (Code Civ. Proc. § 2685, subd. 2); (2) that three of the executors were insolvent, and hence that their circumstances did not afford adequate security to the creditors or persons interested for the due administration of the estate (Code Civ. Proc. § 2685, subd. 5); and (3) that the executors had removed from the state, and the case was not one where nonresident executors would be entitled to letters without giving a bond (Code Civ. Proc. § 2685, subd. 6). The surrogate denied the application, and the applicant, who is a receiver in supplementary proceedings of two legatees under the will, has appealed.

We find no difficulty in agreeing with the learned surrogate so far as he holds that the appellant failed to make out any case for revoking the letters so far as the management of the estate or the circumstances of the executors are concerned. Instead of showing a wasteful administration or improvidence, the proof abundantly established that one of the executors (the testator's widow) has expended for the benefit of the estate several thousand dollars of insurance money which did not belong to the testator, but was her own property. Instead of being criticised unfavorably for what she has done, she is really entitled to commendation on the part of the legatees under her husband's will.

A serious question, however, is presented by the alleged removal of the executors from the state. If that allegation is established to the surrogate's satisfaction, the Code makes it imperative upon him to revoke the letters. Code Civ. Proc. § 2687. In his opinion he says that the allegation that the executors are nonresidents is expressly denied, and adds, "It is claimed that their residence in New Jersey is only temporary, and on account of the ill health of a member of the family." A reference to the answer which the executors interposed to the petition of the appellant shows that they admit, instead of denying, the allegation that they are nonresidents. In the fifth subdivision of the answer we find the declaration that "it is true that all the executors and trustees reside at Rutherford, in the state of New Jersey, but that they never have refused to place themselves within the jurisdiction of this court, and have always expressed a willingness and a desire, in order to avoid the expense of publication, to come to any place within the state of New York for service," which fact is stated to have been well known to the attorney for the petitioner. I quote further from the answer on this subject:

"The executors further allege that their residence at Rutherford, New Jersey, is not intended to be permanent; that they are now living there temporarily on account of the health of certain members of the family."

It must be conceded that these averments in the answer certainly do amount to an admission of temporary nonresidence on the part of the executors, so that the case directly calls for a determination as to whether a residence of this character in another state constitutes a removal from New York state, within the meaning of the Code, so as to require the surrogate to revoke the letters testamentary. Not without considerable hesitation, I have reached the conclusion that it does not. It seems quite clear that a temporary absence from the state on account of ill health, or on account of business, or for purposes of travel or pleasure, would not necessarily establish the fact that an executor "has removed" from the state, within the intent of the statute. The learned surrogate was evidently satisfied that the sojourn of these executors in New Jersey was nothing more than a departure from the state for the benefit of relatives, not designed to constitute a permanent change of abode, and contemplating a return to New York as soon as the purpose of their absence should be accomplished. In this view, I am inclined to think that he was right in refusing to hold that he was constrained to revoke the letters by the provisions of the Code to which I have referred. I therefore advise an affirmance of the order.

Order of surrogate's court of Westchester county affirmed, with $10 costs and disbursements. All concur.